UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARIA A. FALKNER, NICOLE GIGLIO, )
DERRYCK BROUGHTON, )
KAREEM BROUGHTON and )
OMAR SALAAM, individually )
and on behalf of a class of on persons )
similarly situated, )
                    Plaintiffs, )
                    ) No.:
          vs. )
                    )
HOUSTON'S RESTAURANTS, INC. ) JURY DEMANDED
a Delaware corporation, and GEORGE W. )
BIEL, )
                    )
                Defendants. )

**03C 7759**
**JUDGE SHADUR**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiffs, Maria A. Falkner, Nicole Giglio, Derryck Broughton, Kareem Broughton and Omar Salaam, individually and on behalf of a class of persons similarly situated, by their attorneys, James X. Bormes and Patrick J. Sherlock, complain against defendants as follows:

### INTRODUCTION

1. Defendant Houston's Restaurants, Inc. ("Houston's") owns and operates more than forty restaurants, two of which are located in Chicago, Illinois and the rest are located in about twelve other states and the District of Columbia. Houston's employed plaintiffs as servers at the Houston's location in Chicago, Illinois. Plaintiff Derryck Broughton also worked in a Houston's restaurant in North Miami, Florida. Plaintiffs bring this action on behalf of the tipped employees Houston's employed at the Houston's restaurants located in Chicago, Illinois and North Miami Beach, Florida. Because

plaintiffs earned most of their money though tips paid by customers, Houston's was able to pay plaintiffs less than the minimum wage of $5.15 per hour pursuant to the tip credit provision of the Fair Labor Standards Act (the "FLSA"). To take advantage of the tip credit, Houston's was required to permit only "tipped employees" as that term is defined by the FLSA to participate in the pooling or sharing of tips. Houston's did not do that because it allowed employees who do not qualify as tipped employees to share in the tips plaintiffs earned.

2. Because Houston's did not satisfy the requirements of the tip credit, Houston's must pay plaintiffs and all other tipped employees the difference between the wage Houston's paid pursuant to the tip credit and the full minimum wage of $5.15 per hour for each hour worked plus liquidated damages, and attorney's fees. Additionally, Houston's must return the improperly confiscated tips.

## THE PARTIES and JURISDICTION

3. Plaintiffs Maria A. Falkner, Nicole Giglio, Derryck Broughton, Kareem Broughton and Omar Salaam, on behalf of themselves and all other similarly situated persons (hereinafter referred to collectively as "plaintiffs"), bring this action to recover from defendants unpaid regular time compensation, improperly confiscated tips, liquidated damages, attorney's fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§216(b), the Illinois Minimum Wage Act, 820 ILCS 105/1 et seq, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq, and common law disgorgement.

4. Jurisdiction over this action is conferred on this Court by Section 16(b) of the FLSA, §216(b) and by the provisions of 28 U.S.C. §1331 and §1337.

2

5. Venue is proper pursuant to 28 U.S.C. §1391 as defendants do business and a portion of the claim arose within the geographic jurisdiction of this Court.

6. Plaintiffs bring this action as a class action, pursuant to Section 216(b) of the FLSA (Counts I and II) and pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) for claims arising under the Illinois Minimum Wage Act (Count III), the Illinois Wage Payment and Collection Act (Count IV) and disgorgement (Count V).

7. Plaintiff Maria A. Falkner is a resident of Wisconsin and is a former employee of Houston's Restaurants, Inc. ("Houston's"). Falkner worked as a server at the Houston's location in Chicago, Illinois from approximately January of 1989 to June of 2002.

8. Plaintiff Nicole Giglio is a resident of Chicago, Illinois and is a former employee of Houston's. Giglio worked as a server at the Houston's restaurant in Chicago, Illinois.

9. Plaintiff Derryck Broughton worked as a server at the Houston's restaurant in Chicago, Illinois from approximately 1998 to September of 2001. Since September of 2001, he has worked as a server in the North Miami Beach, Florida Houston's.

10. Plaintiff Kareem Broughton is a resident of Chicago, Illinois and is a former employee of Houston's. Kareem Broughton worked as a server at the Houston's restaurant in Chicago, Illinois from approximately December of 1999 to May of 2001.

11. Plaintiff Omar Salaam is a resident of Chicago, Illinois and is a former employee of Houston's. Omar Salaam worked as a server at the Houston's restaurant in Chicago, Illinois from approximately May of 1993 to May of 2002.

12. Defendants employed Falkner, Giglio, Derryck Broughton, Kareem Broughton and Salaam as "tipped" (as that term is defined pursuant to §203(t) of the FLSA) employees.

13. Defendant Houston's is a Delaware corporation engaged in the business of operating restaurants in Illinois, Florida and several other states.

14. Defendant George W. Biel is the major shareholder of Houston's and had responsibility for formulating and implementing the payroll policies of Houston's.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring this action as a class action on behalf of themselves and all other current and former "tipped" employees of defendants, including, without limitation, bartenders and waiters/waitresses employed at the Houston's restaurants in Chicago, Illinois and North Miami Beach, Florida, who were not paid the full amount of minimum wage to which they were entitled.

16. There are questions of law or fact common to the class and these questions predominate over any question that may exist with respect to individuals.

17. Plaintiffs are informed and so believe that the total number of similarly situated individuals is well over 100. Therefore, the number of persons in the class is so numerous that joinder of all members is impracticable.

18. Plaintiffs' claims are typical of the claims of the members of the class and they will fairly and adequately protect the interests of the class.

19. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

4

20. This not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

21. Plaintiffs and their counsel will fairly and adequately protect the interest of the class.

22. A class action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

23. At all times hereinafter mentioned, Houston's has been and is an "enterprise engaged in commerce" as defined by Section 3(r) of the Act, 29 U.S.C. §203(r).

24. At all times relevant hereto, Houston's employed Plaintiffs to work.

25. Biel is responsible for the implementation of the policies and procedures which violate plaintiffs' FLSA rights.

26. Defendants Biel is an "employer" as that term is defined by Section 3(d) of the Act. 29 U.S.C. §203(d).

27. Plaintiffs worked for defendants primarily as waiters/waitresses and were paid on an hourly basis at all times relevant hereto. Plaintiffs earned most of their income through tips.

28. At all relevant times, plaintiffs were compensated through hourly wages and tips.

29. At all relevant times, plaintiffs have been "employees" of Defendants as defined by Section 3(e) of the Act, 29 U.S.C. §203(e).

### COUNT I-FLSA
### (Defendants' Improper Taking of Minimum Wage Tip Credit)

30. Plaintiffs reallege paragraphs 1 through 29, as paragraphs 1 through 29 of Count I.

5

Case: 1:03-cv-07759 Document #: 1 Filed: 10/31/03 Page 6 of 11 PageID #:6

31. The tip credit provision of the FLSA, 29 U.S.C. §203(m), provides that in computing the minimum wage defendants owe plaintiffs defendants are allowed to treat as wages paid by defendants tips received by the plaintiffs up to a certain amount.

32. Section 203(m) of the FLSA, 29 U.S.C. §203(m), further provides that defendants are prohibited from taking the tip credit unless:

> [S]uch employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except this subsection shall not construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

33. At all relevant times, the minimum wage pursuant to the FLSA was $5.15 and defendants after taking the maximum tip credit available paid plaintiffs an amount less than $5.15 per hour.

34. At all relevant times, defendants at the Houston's location in Chicago, Illinois and North Miami Beach, Florida required plaintiffs to share their tips with hostesses and service bartenders and those employees did not qualify as tipped employees

35. Defendants at the restaurant located in North Miami Beach, Florida, confiscated a portion of the tips earned by the tipped employees and used that money to pay a portion of the wage defendants paid to its employees who operate a golf cart in the parking lot used to shuttle guests from their cars to the entrance of the restaurant.

36. Defendants are not allowed to take the tip credit because, as alleged above, they have not allowed plaintiffs to retain all tips customers paid plaintiffs. Thus, defendants must pay plaintiffs the full amount of the minimum wage for each hour plaintiffs worked.

37. Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused plaintiffs to be deprived of wages due them in an amount not presently ascertainable.

WHEREFORE, plaintiffs pray that this Court award plaintiffs the following relief under Count I: (a) certify a class pursuant to Section 216(b) of the FLSA; (b) award plaintiffs the full amount of minimum wage for each hour they worked plus liquidated damages; (c) award plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT II-FLSA-WILFUL VIOLATION

38. Plaintiffs reallege paragraphs 1 through 37 as paragraphs 1 through 37 of Count II.

39. Defendants' unauthorized practice of taking tips earned by plaintiffs and using that money to pay a portion of the wages defendants paid to service bartenders, hostesses, and golf cart operators constitutes a willful violation the FLSA.

WHEREFORE, plaintiffs pray that this Court award plaintiffs the following relief under Count II: (a) certify a class pursuant to Section 216(b) of the FLSA; (b) award plaintiffs statutory damages based on defendants' willful violation of the FLSA; (c) award plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT III-ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Defendants' Improper Deduction From Plaintiffs' Tips)**

40. This cause of action arises from a common nucleus of operative facts with Counts I and II and is pendent thereto.

41. Plaintiffs reallege and restate paragraphs 1 through 39 as Paragraphs 1 through 39 of Count III.

42. During the relevant period, at defendants' request, plaintiffs performed labor as hourly employees for defendants as waiters/waitresses.

43. Defendants have failed to pay plaintiffs the full amount they earned for all hours worked. Specifically, as alleged above, defendants have made improper deductions from the gratuities plaintiffs earned.

WHEREFORE, plaintiffs pray that this Court award plaintiffs the following relief under Count III: (a) certify a class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3); (b) award plaintiffs the amount of wages in the form of gratuities and hourly wages defendants improperly withheld from them plus interest as calculated pursuant to 820 ILCS 105/12; (c) award plaintiffs' their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

### COUNT IV-ILLINOIS MINIMUM WAGE ACT
**(Defendants' Failure to Pay Minimum Wage)**

44. Plaintiffs reallege and restate paragraphs 1 through 44 as paragraphs 1 through 44 of Count IV.

45. Defendants improper taking of the tip credit has resulted in plaintiffs not being paid the full amount of minimum wages owed them in violation of 820 ILCS 105/4.

WHEREFORE, plaintiffs pray that this Court award plaintiffs the following relief under Count IV: (a) certify a class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3); (b) award plaintiffs the amount of wages in the form of gratuities and hourly wages defendants improperly withheld from them plus interest as calculated pursuant to 820

ILCS 105/12; (c) award plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT V-DISGORGEMENT

46. Plaintiffs reallege and restate paragraphs 1 through 45 as paragraphs 1 through 43 of Count V.

47. Defendants had no legal claim with respect to the tips earned by plaintiffs which defendants confiscated.

48. Defendants have retained and refused to give to plaintiffs a portion of the tips customers paid to plaintiffs.

WHEREFORE, plaintiffs pray that this Court award plaintiffs the following relief under Count V: (a) certify a class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3); (b) award plaintiffs the amount of tips defendants improperly confiscated from them plus prejudgment interest; (c) enjoin defendants from continuing the practice of withholding any amount of the tips customers pay to plaintiffs; (d) award plaintiffs' their attorney's fees and costs; and (e) grant whatever further relief this Court deems equitable and just.

Respectfully submitted,

By: _____
One of Plaintiffs' attorney

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
312-201-0575

Patrick J. Sherlock
Law Office of Patrick J. Sherlock.
11 South LaSalle Street
Suite 1600
Chicago, IL 60603
312-641-2600


# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet  03C 7759

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**JUDGE SHADUR**
**MAGISTRATE JUDGE NOLAN**

**Plaintiff(s):** MARIA A. FALKNER, NICOLE GIGLIO, DERRYCK BROUGHTON, KAREEM BROUGHTON and OMAR SALAAM, individually and on behalf of a class of on persons similarly situated,

**Defendant(s):** HOUSTON'S RESTAURANTS, INC. a Delaware corporation, and GEORGE W. BIEL,

County of Residence: Cook C

County of Residence: Cook County

Plaintiff's Atty: James x Bromes
Law Office of James X. Bormes
8 S. Michigan Ave. STE. 2600
312-201-0575

Defendant's Atty:

II. Basis of Jurisdiction: **2. U.S. Gov't Defendant**

III. Citizenship of Principal Parties (Diversity Cases Only)
  Plaintiff:- **N/A**
  Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **710 Fair Labor Standards Act**

VI. Cause of Action: **29 U.S.C. 216(b)**

VII. Requested in Complaint
  Class Action: **Yes**
  Dollar Demand:
  Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:
Date: 10/31/03

/-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

Maria A. Falkner, et al,
vs.
Houston's Restaurants, Inc.

Case Number: 03C 7759



JUDGE SHADUR

MAGISTRATE JUDGE NOLAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Maria A. Falkner, Nicole Giglio, Derryck Broughton, Kareem Broughton and Omar Salaam, individually and on behalf of a class of persons similarly situated.

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] |
| NAME: James X. Bormes | NAME: Patrick J. Sherlock |
| FIRM: Law Office James X. Bormes | FIRM: Law Office of Patrick J. Sherlock |
| STREET ADDRESS: 8 S. Michigan Ave. STE. 2600 | STREET ADDRESS: 11 S. LaSalle St. STE. 1600 |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: Chicago, IL 60603 |
| TELEPHONE NUMBER: 312-201-0575 | FAX NUMBER: 312-332-0600 | TELEPHONE NUMBER: 312-641-2600 | FAX NUMBER: 312-896-5784 |
| E-MAIL ADDRESS: jxbormes@aol.com | E-MAIL ADDRESS: psherlock@joycelaw.com |
| IDENTIFICATION NUMBER: 6202568 | IDENTIFICATION NUMBER: 6205368 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | FAX NUMBER: | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |